### GURSKY v GOBOZY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16256. Decided July 6, 1937

Wilt & Yoder, Cleveland, for plaintiff-appellee.

S. W. Kormendy, Cleveland, for defendant-appellant.

## OPINION

By LIEGHLEY, J.

The defendant, Stephen Gobozy, signed a bond as surety for a guardian of Michael Gursky and Peter Gursky in 1927. The guardian defaulted and absconded. On November 12, 1930, Michael Gursky as an adult, and Howard E. Hendershot, guardian of Peter Gursky, filed an action against Stephen Gobozy on the bond. On October 6, as disclosed by the transcript, by agreement of parties, judgment was entered in the sum of $1600.00 against this defendant. On June 12, 1936, execution was issued and returned endorsed: "No money made." On March 25, 1937, an affidavit for order in aid was filed. On April 6, 1937, a motion to dismiss the proceedings in aid was filed which was later overruled.

A referee was duly appointed in the aid proceedings and as a result of the report of the referee an order was issued that certain moneys to apply on this judgment be paid by The Central National Bank, and that the City of Cleveland as garnishee pay out of the wages of the defendant as an employee of the city in its Law Department.

An appeal was perfected to this court from the order overruling the motion to dismiss the aid proceedings, which motion is based principally on the claim that defendant was duly discharged in the bankruptcy court in which proceedings the obligation of this judgment was duly scheduled and notice given. The issue is therefore and thereby presented whether or not the orderly procedure provided by the Bankruptcy Act was duly followed by defendant to justifiably claim a discharge.

Trial was had in the Common Pleas Court. Apparently testimony was ordered pro and con on this issue. No bill of exceptions was prepared and filed to exhibit the evidence offered. A request for separate findings on the motion to vacate was duly made and granted and the case is presented to us solely upon these findings of facts and conclusions of law prepared and filed by the trial judge.

The Bankruptcy Act affords an avenue to a debtor of escape from obligations incurred particularly of the character herein involved. This defendant in good faith invoked this proceeding, and if the required and orderly steps prescribed by the Act were, through neglect or oversight, omitted in one or more respects, the failure to procure such discharge of such debt must be attributed thereto.

In the first place, the debtor must file a proper petition. The debt must be duly scheduled with exactness in name of the creditor and with great care in noting his address. The creditor must have notice of the pendency of the bankruptcy proceedings. He is entitled to knowledge thereof either by actual notice or in any other form so that timely knowledge is brought to him thereof.

The defendant scheduled this debt in a way that claim is made that the name of Michael Gursky as an adult was not given but rather the name of counsel, Hendershot, as guardian of both Michael and Peter Gursky. The language used in scheduling this judgment is susceptible of conflicting claims. In the findings of fact it is said that Michael Gursky individually was not listed as a creditor of defendant. The defendant contends that Attorney

Hendershot filed the action for the recovery of the judgment on behalf of Michael and on behalf of himself as guardian of Peter. He also claims that payments were accepted and receipted for by the attorney in behalf of both, the last as late as March 25, 1936; that notice was duly served on counsel of the bankruptcy proceedings in accordance with the claim scheduled; that Hendershot at no time notified defendant that he was no longer counsel for Michael Gursky.

Michael Gursky makes the claim and the trial court found, that he discharged Hendershot as his attorney in March or April, 1936; that he never received notice of the pendency of the bankruptcy proceedings instituted by defendant and did not learn thereof until February, 1937. The trial court found that Hendershot was discharged as counsel in March or April, 1936; that the bankruptcy proceedings were thereafter instituted by defendant and defendant adjudicated a bankrupt on June 16, 1936.

There is no bill of exceptions exhibiting the evidence to show a shadow of doubt of the correctness of the findings of the court below. It must be accepted as settled that Hendershot ceased to be the agent of Michael Gursky in March or April, 1936. It must be accepted as a fact that Michael never received notice of the bankruptcy action of defendant until long after the time when he might assert any rights which the Act confers.

Passing the question of whether or not the debt owing by defendant to Michael Gursky was properly scheduled, did Michael have notice? Notice was duly given to Hendershot as guardian. It is claimed that this notice to Hendershot as guardian, of the scheduled judgment, was constructive notice to Michael Gursky upon the theory that Hendershot was attorney of record and had accepted payments thereon and filed a claim for Peter and did not notify anyone of his discharge as attorney by Michael and that therefore notice to the attorney or the agent was constructive notice to his client or the principal.

There is some authority to sustain the claim that notice to the attorney of record is constructive notice to the judgment creditor. However, it is undoubtedly the greater weight of authority that when notice is given to the attorney and by reason thereof constructive notice to the creditor is claimed immediately there is presented a question of fact, the burden of establishing which rests upon the bankrupt. There can be no constructive notice to the creditor by notice to the attorney unless at the time of service of the notice the relation of principal and agent exists.

The trial court found that the relation of attorney and client or principal and agent had terminated several months prior to this notice upon which the right of a discharge is predicated. That finding of fact is conclusive. There is nothing before us to rebut it. To say that Michael Gursky had constructive notice, a basis thereafter must be taken from the atmosphere surrounding the case or the order permeating the case, for there is no fact in the record upon which to base it.

If a search of authorities is desired to question the claim that the foregoing is incorrect in any particular, as a matter of law or fact, reference is given to the following authorities to initiate the examination. One case even holds that notice to an attorney actually representing the creditor in the state court in an action then pending who was not directly employed in the bankruptcy proceeding but represented the creditor in another matter in the state court, is not notice. These authorities warrant the assertion that there must be great care in correctly scheduling the debt, the name of the creditor and his address, and knowledge of the pendency of the action must be brought to the creditor.

Gilbert's Collier on Bankruptcy, 3rd Ed. §584, p. 374 and foot-notes.

Remington on Bankruptcy, Vol. VII, §3881 and note. p. 806 and foot-notes.

Because of the failure of defendant to observe the orderly procedure and necessary pre-requisites prescribed by the Act, a judgment of affirmance must be entered.

TERRELL, J, concurs in judgment.
LEVINE, PJ, dissents.